1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN APILADO, LARON CHARLES, AND JON RUSS,

Plaintiffs,

v.

THE NORTH AMERICAN GAY AMATEUR ATHLETIC ALLIANCE,

Defendant.

No.  C10-00682 JCC

**PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION AND CLARIFICATION OF THE COURT'S MAY 31, 2011 ORDER (DKT. 69), OR, IN THE ALTERNATIVE, FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

**Noted for Consideration:**

**June 14, 2011**

**ORAL ARGUMENT REQUESTED**

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION. . . (C10-00682 JCC)

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**TABLE OF CONTENTS**

|    |      |                                                                                                                                    | Page |
|----|------|------------------------------------------------------------------------------------------------------------------------------------|------|
| I. | | INTRODUCTION | 1 |
| II. | | THE ORDER MISAPPREHENDS PLAINTIFFS' CLAIMED INJURY | 1 |
| III. | | PLAINTIFFS SEEK CLARIFICATION OR RECONSIDERATION OF THE ORDER'S DISCUSSION OF NAGAAA'S AFFIRMATIVE DEFENSE | 4 |
| IV. | | IN THE ALTERNATIVE, PLAINTIFFS REQUEST THAT THE COURT CERTIFY ITS ORDER FOR IMMEDIATE APPEAL | 5 |
| V. | | CONCLUSION | 6 |

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION . . . (C10-00682 JCC) - i

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Apilado. v. N. Am. Gay Amateur Athletic Alliance*,
 No. 10-682, 2011 WL 2148816 (W.D. Wash. May 31, 2011) .......................................... 1, 2, 3, 4

*Armstrong v. Davis*,
 275 F.3d 849 (9th Cir. 2001)......................................................................................................... 1

*Bates v. United Parcel Serv., Inc.*,
 511 F.3d 974 (9th Cir. 2007)......................................................................................................... 3

*Beta Upsilon Chi v. Machen*,
 559 F. Supp. 2d 1274 (N.D. Fla. 2008) ....................................................................................... 6

*Boy Scouts of Am. v. Dale*,
 530 U.S. 640 (2000) ..................................................................................................................... 6

*Boy Scouts of Am. v. Wyman*,
 335 F.3d 80 (2d Cir. 2003)........................................................................................................... 6

*Christian Legal Soc'y v. Martinez*,
 130 S. Ct. 2971 (2010) .................................................................................................................. 6

*Christian Legal Soc'y v. Walker*,
 453 F.3d 853 (7th Cir. 2006)......................................................................................................... 6

*Couch v. Telescope, Inc.*,
 611 F.3d 629 (9th Cir. 2010)......................................................................................................... 6

*Cuffley v. Mickles*,
 208 F.3d 702 (8th Cir. 2000)......................................................................................................... 6

*Fortyune v. American Multi-Cinema, Inc.*,
 364 F.3d 1075 (9th Cir. 2004)....................................................................................................... 4

*Heckler v. Mathews*,
 465 U.S. 728 (1984) ..................................................................................................................... 3

*In re Cement Antitrust Litig.*,
 673 F.2d. 1020 (9th Cir. 1981)..................................................................................................... 5

*Microsoft Corp. v. Lindows.com, Inc.*,
 2004 WL 329250 (W.D. Wash. Feb. 10, 2004)........................................................................... 5

*Roberts v. United States Jaycees*,
 468 U.S. 609 (1984) ..................................................................................................................... 6

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
 251 F.3d 814 (9th Cir. 2001)......................................................................................................... 3

*Steering Comm. v. United States*,
 6 F.3d 572 (9th Cir. 1993)............................................................................................................ 6

*Truth v. Kent Sch. Dist.*,
 542 F.3d 634 (9th Cir. 2008)........................................................................................................ 6

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION . . . (C10-00682 JCC) - ii

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) .................................................................................................................. 1, 5, 6

**STATE CASES**

*Evans v. City of Berkeley,*
    129 P.3d 394 (Cal. 2006) ..................................................................................................... 6

*Negron v. Snoqualmie Valley Hosp.,* 86 Wn. App.
    579, 936 P.2d 55 (1997) ....................................................................................................... 3

**STATE STATUTES**

RCW § 49.60.040(9) ...................................................................................................................... 3

**FEDERAL RULES**

CR 7(h) .......................................................................................................................................... 1

Fed. R. Civ. P. 56(f) ................................................................................................................... 1, 5

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION . . . (C10-00682 JCC) - iii

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.  INTRODUCTION

Pursuant to CR 7(h), Plaintiffs respectfully move this Court for reconsideration of its May 31, 2011 Order on the parties' motions for partial summary judgment. *First*, Plaintiffs seek reconsideration of the Court's ruling that Plaintiffs are not entitled to injunctive relief, because: (1) the Order did not address all of the bases for Plaintiffs' claims of sexual orientation discrimination; the Complaint specifically alleged, and both Plaintiffs and NAGAAA agreed in briefing, that these claims are based in part on the existence of NAGAAA's expressly discriminatory rules, not just the way in which NAGAAA enforced the rules; and (2) the Order misapprehended the "injury" for which Plaintiffs seek an injunction -- their injury is that they were subjected to discrimination, not just the emotional distress that followed. *Second*, Plaintiffs seek clarification that the Order did not enter partial summary judgment for NAGAAA on any element of its First Amendment defense; to the extent the Order was intended as an affirmative ruling in NAGAAA's favor on any element of its defense, Plaintiffs request reconsideration. *Third*, to the extent the Order did definitively resolve any aspect of the First Amendment defense in NAGAAA's favor and the Court is not inclined to grant reconsideration, Plaintiffs request in the alternative that the Court certify its Order for appeal under 28 U.S.C. § 1292(b).

## II.  THE ORDER MISAPPREHENDS PLAINTIFFS' CLAIMED INJURY

As the Order acknowledged, one way a Plaintiff can show a real and immediate threat that his injury will be repeated, and therefore that injunctive relief is available, is to show that the original injury stemmed directly from a written policy. *Apilado. v. N. Am. Gay Amateur Athletic Alliance*, No. 10-682, 2011 WL 2148816, at *10 (W.D. Wash. May 31, 2011) (citing *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001)). The Order found, however, that "Plaintiffs' injuries stem not from NAGAAA's written policy itself, but from the manner in which it was applied." *Id.* at *11. The Order based this conclusion on an incorrect premise regarding Plaintiffs' claims:

> It did not appear to the Court that Plaintiffs were arguing that they were injured simply because NAGAAA adopted particular definitions of gay and straight, but rather because

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC) - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

NAGAAA inquired into Plaintiffs' sexual orientation in a way that was intrusive and disrespectful. Accordingly, the Court's analysis is confined to the allegedly intrusive questioning, not the definitions of gay and straight.

*Id.* at *2. In fact, Plaintiffs have repeatedly alleged and argued that they were directly injured by the existence of NAGAAA's discriminatory rules, including the definitions of "gay" and "heterosexual," not just the intrusive protest hearing.

Plaintiffs alleged in the Complaint, for instance, that they brought "this action against NAGAAA based on its discriminatory rules and practices, including NAGAAA's conduct against them during the Gay Softball World Series held in Seattle, Washington, in August 2008" (Dkt. 1 at ¶ 1) and that NAGAAA violated and aided violations of the WLAD by "*implementing* and enforcing the 'two heterosexuals per team' cap." Dkt. 1 at ¶ 5 (emphasis added). The Complaint also repeatedly complained of NAGAAA's "discriminatory rules" as well as its application of those rules. *See, e.g.,* Dkt. 1 at ¶¶ 1, 45, 46, 48, 51, 53, 61. The Complaint's prayers for relief specifically asked the Court to "suspend the enforcement of Rule 7.05 and the use or application of the definitions of 'gay' and 'heterosexual' in Title I of the Softball Code and/or eliminate the Rule and any references to it in all NAGAAA instruments of Governance." Dkt. 1 at 28. Plaintiffs also sought to "eliminate the definitions of 'gay' and 'heterosexual' in Title 1 of the Softball Code and the use of those or similar definitions in all NAGAAA Instruments of Governance." *Id.* In short, Plaintiffs unequivocally alleged that they were injured by Rule 7.05 and the definitions of "gay" and "heterosexual."

Plaintiffs' challenge to NAGAAA's rules is also apparent from the briefs on the motions for partial summary judgment, in which both Plaintiffs and NAGAAA agreed that Plaintiffs' claims were based on the existence of NAGAAA's discriminatory rules. Plaintiffs repeatedly argued that their injury was the fact that NAGAAA disqualified them and excluded them from competition as a

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC) - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

result of its overtly discriminatory rules, although they *also* alleged that the protest hearing itself caused additional injuries as a result of the intrusive questioning.[1]

It is well established that a discriminatory act in and of itself constitutes injury, regardless of whether it is accompanied by further harms such as emotional distress. *Negron v. Snoqualmie Valley Hosp.*, 86 Wn. App. 579, 587-88, 936 P.2d 55, 59-60 (1997) ("Our courts have long recognized damage is inherent in a discriminatory act."); *Heckler v. Mathews*, 465 U.S. 728, 739-40 (1984); *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 827 (9th Cir. 2001). Here, one of the injuries for which Plaintiffs sought injunctive relief was the injury inherent in the fact that they were disqualified from the GSWS through direct application of a rule that overtly discriminates. Plaintiffs respectfully submit that the premise underlying the Court's ruling on injunctive relief—that Plaintiffs are not arguing they were injured by NAGAAA's written rules—was incorrect. *Apilado* at *11. It was NAGAAA's written rules, which mandated discrimination based on sexual orientation, that directly caused Plaintiffs "to be treated as not welcome, accepted, desired, or solicited" at the GSWS. RCW § 49.60.040(9). This is exactly the sort of injury arising from a written policy that provides a sufficient basis for seeking injunctive relief. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985–86 (9th Cir. 2007); *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). Plaintiffs therefore seek a ruling from this Court that Plaintiffs may proceed at trial with their request for injunctive relief regarding NAGAAA's rules.[2]

---

[1] Dkt. 44 at 17-18 ("By *promulgating and enforcing* Rule 7.05…NAGAAA carves out a discriminatory exception for players it deems 'heterosexual.')(emphasis added); *see also id.* at 19 ("NAGAAA's Rule 7.05 constitutes facial discrimination based on sexual orientation" and "Rule 7.05 and its enforcement violate the WLAD as a matter of law"). NAGAAA agreed with this description: "[P]laintiffs seek an injunction barring enforcement of Rule 7.05's cap on the number of heterosexual players per Gay Softball roster…" Dkt. 33 at 2. *See,* also, NAGAAA's agreement in its Reply, Dkt. 43, *passim*, esp. p.4:3-6; p. 5:6-8; and §III B. Indeed, as far back as Plaintiffs' initial appeal of the protest committee's decisions, Plaintiffs made clear that they were arguing that "Rule 7.05 on its face discriminates on the basis of sexual orientation," and that their injury was the application of this rule to discriminate against them. Dkt. 36 at 12 n.7.

[2] Plaintiffs do not understand the Order to restrict their ability to argue or offer evidence at trial that NAGAAA is liable for damages because they were excluded from the GSWS on the basis of rules that expressly discriminate on the basis of sexual orientation. To the extent the Order is

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC)  - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### III. PLAINTIFFS SEEK CLARIFICATION OR RECONSIDERATION OF THE ORDER'S DISCUSSION OF NAGAAA'S AFFIRMATIVE DEFENSE

The Court's Order concluded that NAGAAA is a place of public accommodation that is subject to the WLAD. *Apilado* at *4-*6. The Order then discussed the elements of NAGAAA's affirmative defense that it is entitled to First Amendment protection if the WLAD is interpreted to invalidate NAGAAA's two "heterosexual" player cap on a GSWS roster. The Order concluded that Plaintiffs had not carried their burden of demonstrating the absence of a genuine issue of material fact with respect to this defense, and therefore denied Plaintiffs' motion for partial summary judgment. *Id.* at *9. Because NAGAAA did not file a cross-motion for summary judgment, Plaintiffs do not understand the Order to enter summary judgment for NAGAAA or otherwise to definitively resolve any element of its First Amendment defense. As Plaintiffs understand the Order, the proper legal standard to be applied to NAGAAA's First Amendment defense remains open for final resolution at trial, and Plaintiffs will be entitled to present any and all evidence relevant to that defense. Plaintiffs understand that they remain free to offer argument and evidence that (1) NAGAAA's two "heterosexual" player cap is not necessary to (and in fact undermines) its expressive purpose; (2) more specifically, Plaintiffs' disqualification under that rule was not necessary to effectuate NAGAAA's expressive purpose, and Plaintiffs' mere presence as players would not have substantially interfered with NAGAAA's ability to express its message; and (3) even if there were any minimal burden on NAGAAA's expression, any such burden is outweighed by the State of Washington's compelling interest in eradicating discrimination in places of public accommodation.[3] Plaintiffs respectfully request clarification from the Court if their understanding is inaccurate.

---

intended to preclude Plaintiffs from presenting at trial such evidence of overt discrimination, Plaintiffs seek reconsideration for the same reasons discussed above concerning injunctive relief.

[3] The Order characterizes the relevant state interest as "an interest in Enforcing [the state's] Anti-Discrimination laws" and in "eradicating discrimination," (*id.* at *6, *9), but then later characterizes the interest as "allowing heterosexuals to play gay softball." *Id.* at *9. Plaintiffs intend to argue at trial that the compelling state interest at issue is eradicating and banning discrimination, which the Washington Legislature has said "menaces the institutions and

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC) - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

If Plaintiffs have not correctly understood the Order, and the Order in fact effectively grants partial summary judgment for NAGAAA on one or more elements of its First Amendment defense, Plaintiffs respectfully request reconsideration, as NAGAAA did not file a motion for summary judgment on any of these issues.[4]

## IV.   IN THE ALTERNATIVE, PLAINTIFFS REQUEST THAT THE COURT CERTIFY ITS ORDER FOR IMMEDIATE APPEAL

To the extent the Order was intended to resolve one or more elements of the First Amendment defense in NAGAAA's favor and the Court is not inclined to reconsider those rulings, Plaintiffs ask the Court to certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b).  The Court may certify an order that "'involves a controlling issue of law as to which there is substantial ground for difference of opinion,'" an immediate appeal from which "'may materially advance the ultimate termination of the litigation.'"  *Microsoft Corp. v. Lindows.com, Inc.,* 2004 WL 329250, at *1 (W.D. Wash. Feb. 10, 2004) (citing *In re Cement Antitrust Litig.,* 673 F.2d. 1020, 1026 (9th Cir. 1981)).  The Order involves controlling issues of law because resolution of the legal issues it addresses will "materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litig.,* 673 F.2d. at 1026.  Should the Ninth Circuit conclude that NAGAAA's First Amendment defense fails as a matter of law, Plaintiffs will be entitled to partial summary judgment establishing NAGAAA's liability for discrimination based on its overtly discriminatory rule.  Such a decision would also materially advance the ultimate termination of this case since only the question of damages or other relief would be left for trial on this cause of action.  *See Steering Comm. v. United States*, 6 F.3d 572, 575 & n.1 (9th Cir. 1993) (holding that liability determinations in complex tort litigation were appealable under § 1292(b) although damages issues had not yet been tried).  The First Amendment issues in this case present substantial grounds for difference of opinion

---

foundation of a free democratic state." RCW §49.60.010. To the extent the Order precludes evidence and argument that this is the relevant interest, Plaintiffs respectfully seek reconsideration.
[4] *See* Fed. R. Civ. P. 56(f) (effective Dec. 1, 2010) (Court may "grant summary judgment for nonmovant" only "[a]fter giving notice and a reasonable time to respond").

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC)  - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

because the Ninth Circuit has not yet addressed the proper application of *Roberts v. United States Jaycees*, 468 U.S. 609 (1984) and *Boy Scouts of Am. v. Dale*, 530 U.S. 640 (2000) to an organization that contends enforcement of state antidiscrimination laws to require inclusion of unwanted individuals would substantially burden the organization's expressive association rights, and because other courts have reached varying results on the issue.[5] *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (appeal under § 1292(b) appropriate, inter alia, "if novel and difficult questions of first impression are presented"). To the extent the Order definitively resolves any of these novel and important issues of First Amendment law, certification for immediate appeal is proper.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider and clarify its May 31, 2011 Order in accordance with this motion and the accompanying Proposed Order. In the alternative, Plaintiffs ask the Court to certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b).

DATED this 14th day of June, 2011.

K&L GATES LLP

By/S/_____
    Suzanne J. Thomas, WSBA # 17338
    Peter A. Talevich, WSBA # 42644

---

[5] *Compare, e.g., Christian Legal Soc'y v. Walker,* 453 F.3d 853, 863 (7th Cir. 2006) (holding that inclusion of gay members in Christian student group "would impair its ability to express disapproval of active homosexuality") *and Cuffley v. Mickles,* 208 F.3d 702, 708 (8th Cir. 2000) (requiring Ku Klux Klan not to discriminate based on race would substantially burden its expression) *with Beta Upsilon Chi v. Machen,* 559 F. Supp. 2d 1274, 1278 (N.D. Fla. 2008), *vacated on other grounds,* 586 F.3d 908 (11th Cir. 2009) (mere presence of non-Christian members would not impair Christian group from fostering Christian beliefs and messages). Most cases since *Dale* have considered the distinct but related issue of government subsidies or limited public forums and have been divided even on those issues. *Compare, e.g., Christian Legal Soc'y v. Martinez,* 130 S. Ct. 2971 (2010); *Truth v. Kent Sch. Dist.,* 542 F.3d 634 (9th Cir. 2008); *Evans v. City of Berkeley,* 129 P.3d 394 (Cal. 2006); *Boy Scouts of Am. v. Wyman,* 335 F.3d 80 (2d Cir. 2003), *with Walker,* 453 F.3d at 863.

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC)  - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Telephone: (206) 370-6642
Fax: (206) 370-6315
E-mail: suzanne.thomas@klgates.com

NATIONAL CENTER FOR LESBIAN RIGHTS


By/S/_____
    Christopher Stoll (admitted *pro hac vice*)
    Melanie S. Rowen (admitted *pro hac vice*)
    870 Market Street, Suite 370
    San Francisco, CA 94102
    Telephone: (415) 392-6257
    E-mail: cstoll@nclrights.org
    E-mail: mrowen@nclrights.org

    Attorneys for Plaintiffs
    Steven Apilado, LaRon Charles, and Jon Russ

PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION (C10-00682 JCC) - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022